TotteN, J.,
delivered the opinion of the court.
The petition was filed in the county court of Dyer, and states that Harriet, the petitioner, was married to Sampson Smith, who died intestate in August, 1840, seized of an interest in lands, and' leaving his said wife and two infant children surviving him. That in March, 1841, the said Harriet intermarried with said Bichard-son; that she is entitled to dower in the lands of which her former husband died seized; that defendant, Butherford, has acquired an interest in said land, subject to said right of dower; and the prayer is, that the dower be assigned.
The defendant, Butherford, contests the plaintiff’s claim, and denies her right, but the county court decreed *611 that sbe was entitled to dower in tbe lands in question, and made an order for its assignment. Tbe defendant, Rutherford, thereon appealed to tbe circuit court, where, on motion, bis appeal was- dismissed, and then be appealed to this court.
Tbe question is, did tbe circuit court err in dismissing tbe appeal? ~We are of opinion that it did not. The general rule is, that an appeal or writ of error will not lie until after final judgment.
Thus, in 6 Com. Dig., 444, mar., it is said “error does not lie upon an interlocutory judgment, before tbe final judgment, as upon a judgment in partition, quod partitis fiat. Co. Litt., 168. And therefore, if tbe writ be sued out before final judgment, and tbe record certified, yet tbe cause is not- removed to tbe superior court. 6 Com. Dig., 445.
Tbe rule is tbe same in case of appeal. Tbe effect of tbe rule is, to enable tbe revising court to make, in general, a final disposition of tbe case, instead of limiting its action to a revision of interlocutory orders, judgments and decrees, as the same may be made in •its progress. Tbe practice of revising interlocutory judgments before tbe final decree, would result in great inconvenience and expense to tbe parties. It is permitted, however, by statute in a single instance, and that is, where tbe principles involved in tbe case are settled by tbe decree, and an account is ordered. In such case, it is in tbe discretion of tbe chancellor to grant an appeal before taking tbe account. 1835, cb. 317. This is an innovation upon tbe general rule, and it is clear that it has no application to tbe present case. Tbe act 1844, cb. 99, cited by counsel, does not affect *612 the general rule. It gives an appeal from “ any decree or decision of tbe county court” to tbe party aggrieved, but we are to construe it in- reference to tbe existing law to intend a final decision or decree.
Now, in tbe present case, tbe action of tbe county court goes only to tbe extent of declaring • tbe plaintiff’s right to dower, and making an order for its assignment. But tbe dower was not assigned, and no right to certain and specific land was vested in tbe plaintiff. This remained to be done by final decree. Tbe action of tbe county court, therefore, was merely interlocutory, and no appeal would lie. Second. It does not appear that tbe infant children of tbe intestate were notified of tbe petition.
Tbe service of notice on their guardian, and bis failure to make defense, did not authorize an order pro confesso against them. No laehes can be imputed to infants, and they cannot be in default so as to authorize such an order. After notice to tbe minors, tbe guardian should answer, and make a true and proper defense. Such is tbe formal practice in a case like this.
Tbe judgment will be affirmed, and tbe cause remanded to tbe county court, to be legally proceeded in to final judgment.
Judgment affirmed.'